# Forbes et al. *v.* Evans et al., Appellants.

*Sheriffs' sales—Proceeds—Distribution—Double levy.*

In proceedings for the distribution of a fund realized from a sheriff's sale of personal property it appeared that the sheriff had levied upon certain goods under a writ of execution and thereafter had levied upon the same goods as the property of a different defendant; the goods were sold and the sheriff made return upon the first writ that he had sold them for a certain sum, and upon the second writ that he had sold them for the same sum subject to the prior writ; the fund realized was insufficient to satisfy the judgment upon which the first writ of execution had issued. The lower court awarded the proceeds to the party who had issued the first execution. *Held,* no error.

Argued Jan. 19, 1917. Appeal, No. 250, Jan. T., 1916, by McCanna and Fraser Company, Incorporated, from decree of C. P. No. 2, Philadelphia Co., Sept. T., 1914, No. 2897, dismissing exceptions to report of Auditor, in case of Andrew Forbes, Trading as Andrew Forbes and Company, to use of William Manger, v. Frank Evans, trading as Continental Hotel, McCanna and Fraser Company, Incorporated. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Rule to show cause why proceeds of a sheriff's sale should not be paid into court.

Exceptions to report of Murdock Kendrich, Esq., auditor.    Before 'ROGERS, J.

The auditor's report was, in part, as follows:

#### FINDINGS OF FACT.

1. On April 28, 1915, the sheriff levied upon all of the wines and liquors of the Continental Hotel, at Ninth and Chestnut streets, Philadelphia, under a writ of fieri facias on a judgment for $3,147.55 in the case of Andrew Forbes v. Frank Evans, trading as Continental Hotel, C. P. 2, September Term, 1914, No. 2897.

2. On May 17, 1915, the sheriff levied upon the same goods under a writ of fieri facias issued in the case of McCanna & Fraser Company v. Continental Hotel Company, Inc., C. P. 2, September Term, 1913, No. 3644, upon a judgment for $2,734.88.

3. On June 15, 1915, the goods levied upon under the above-mentioned writs were sold for $2,155.60.

4. The sheriff's return to the Forbes execution is as follows:

"Levied April 28, 1915, upon the goods and chattels of the within-named defendant and afterwards, to wit, June 15, 1915, I sold the same for the sum of $2,155.60."

The sheriff's return to the McCanna & Fraser Company execution is as follows:

"Levied May 17, 1915, upon the goods and chattels of the within-named defendant company, and afterwards, to wit, June 15, 1915, I sold the same for the sum of $2,155.60, subject to a prior writ of fi. fa. issued out of C. P. No. 2, Sept. Term, 1914, No. 2897."

5. The Forbes judgment is for the beer sold and delivered to the defendant, Frank Evans, from May 1, 1913, to January 31, 1914.

6. At the time of the sale and delivery of the beer described in the statement of demand in the Forbes suit,

Frank Evans was the licensee of the bar of the Continental Hotel, and the said beer was delivered to the said Frank Evans as such licensee.

7. At the time of the levy under the Forbes judgment, Frank Evans was the licensee of the said bar and the lessee of the premises on which the said bar was located under a lease from the Bell Hotel Corporation, dated January 30, 1914.

8. No evidence whatever has been introduced tending to show that at the time of either levy in this case, the goods levied upon were the property of the Continental Hotel Company, incorporated, beyond the return of the sheriff in the MaCanna & Fraser writ that they were levied upon as the property of the defendant in the said writ.

### CONCLUSIONS OF LAW.

1. That the return on neither writ is conclusive as against the other, but only raises a prima facie presumption which may be overcome by evidence.

2. That it is the duty of the auditor to ascertain the title to the property from the sale of which the fund to be distributed was realized.

3. In a proceeding to distribute a fund paid into court by the sheriff, no one can participate whose claim depends upon sustaining a title adverse to the judgment debtor.

4. Where two returns of the sheriff are contradictory, or adverse, the first return is presumed to be correct unless overthrown by contradictory evidence.

5. Where a sheriff's returns are contradictory, or show title other than that of the judgment debtor to the goods levied upon in the first writ, the second return is insufficient, and a claimant thereunder cannot participate in the proceeds of a sale under the first writ.

6. At the time of the execution of the writs in this case, Frank Evans was in possession of the goods levied

upon, and as against the Continental Hotel Company, Incorporated, or its creditors, his possession was a valid, effective possession.

7. Frank Evans having been in possession at the time of the levies, he was presumptively the owner of the goods levied upon.

8. The goods levied upon having been in the possession of Frank Evans at the time of the levies, they were as to his judgment creditors his goods, subject to levy on execution issued on their judgments.

9. The sheriff having seized the goods in the possession of Frank Evans as his property, the burden is on the McCanna & Fraser Company, which seeks to nullify the validity of the Forbes execution, to establish its right to seize the goods as the property of the Continental Hotel Company, Incorporated.

10. The money realized at the sheriff's sales being insufficient to pay the Forbes execution in full, belongs to this execution.

11. McCanna & Fraser Company, having given no evidence to sustain its claim, is chargeable with the costs of this proceeding.

The court dismissed the exceptions.  McCanna and Fraser Company, Incorporated, appealed.

*Error assigned* was in dismissing the exceptions.

*William Charles Brown,* for appellant.

*James Collins Jones,* for appellee.

PER CURIAM, February 26, 1917:

The auditor distributing the fund in court rightly awarded the proceeds of the sheriff's sale to the Forbes execution.  On it the goods and chattels were seized on April 28, 1915.  The sheriff's return is that he sold them on it.  It was unquestionably the first lien upon them, and the sheriff's return to the second writ was that he

had sold them subject to the prior writ.   Under the undisputed facts in the case the conclusion of the auditor and the learned court below was unquestionably correct.

Decree affirmed at the costs of the appellant.